UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DR. SCOTT TANNER, an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., a California corporation, KAISER FOUNDATION HOSPITALS, a California corporation, NORTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, INC., a California corporation, and DOES 1-50,<br><br>    Defendants. | Case No: C 15-02763-SBA<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |

Plaintiff Scott Tanner ("Plaintiff") filed the instant pro se action against Kaiser Foundation Health Plan, Inc. ("Health Plan"), Kaiser Foundation Hospitals, ("Hospitals"), and The Permanente Medical Group, Inc. ("TPMG") (erroneously sued as Northern California Permanente Medical Group, Inc. ("NCPMG") (collectively "Defendants"). Defendants removed the action to this Court based on federal-question jurisdiction, see 28 U.S.C. § 1331. Dkt. 1. The parties are presently before the Court on Plaintiff's Motion to Remand. Dkt. 19. Having read and considered the papers filed in connection with this matter, and being fully informed, the Court hereby DENIES Plaintiff's motion. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. R. 7-1(b).

## I. BACKGROUND

### A. FACTUAL SUMMARY

In 2000, Plaintiff began working for the Kaiser Permanente Pharmacy Department ("Kaiser"). Compl. ¶ 13.[1] Plaintiff served as a staff pharmacist, a lead pharmacist, and finally, a Pharmacist Supervisor at Kaiser's Manteca location. Id. The allegations in Plaintiff's 70-page Complaint are profuse and wide-ranging. In brief, Plaintiff alleges that he was subject to harassment, discrimination, and retaliation at work beginning in 2010. Id. ¶¶ 13-73. Plaintiff is a white male, over the age of 40, with an undisclosed "physical disability/physiological health condition." Id. ¶¶ 87, 98, 107. According to Plaintiff, Kaiser's pharmacy staff in Manteca is 85-90% Asian, 85-90% female, and 90-100% under the age of forty. Id. ¶¶ 89, 107. Plaintiff asserts that he suffered adverse employment consequences based on his color, gender, and age, as well as his disability, for which Defendants allegedly failed to provide adequate accommodation. Id. ¶¶ 87, 98, 107, 121. Plaintiff further asserts that he suffered retaliation based on these same factors, as well as for reporting "Defendants['] misconduct affecting patient safety and care." Id. ¶ 130.

On November 15, 2012, Plaintiff was suspended from work at Kaiser. Compl. ¶ 71. According to Plaintiff, Defendants explained the basis for his suspension. Id. ¶ 72. Although it is clear Plaintiff subsequently separated from Kaiser, the Complaint is not a model of clarity regarding the specifics of Plaintiff's separation. It appears Plaintiff executed a separation agreement in or about December 2012, and separated from Kaiser in or about February 2013. Id. ¶¶ 75-85. Plaintiff alleges that he executed the separation agreement under duress, and is therefore entitled to rescind the same. Id. Plaintiff further alleges that Defendants constructively discharged him in violation of public policy. Id. ¶¶ 173-179. Plaintiff seeks an array of damages, costs, and an order permanently enjoining Kaiser from committing certain further acts of retaliation and discrimination. Id. at 68.

---

[1] The Complaint is attached as Exhibit A to Defendants' Notice of Removal, Dkt. 1.

### B. PROCEDURAL HISTORY

On April 21, 2015, Plaintiff filed suit in the Alameda County Superior Court, alleging causes of action for: (1) Unlawful Attainment of Invalid Separation Agreement; (2) Age Discrimination in Violation of ADEA and FEHA; (3) Disability Discrimination in Violation of ADA and FEHA; (4) Race, Color, Gender, and National Origin Discrimination in Violation of Title VII of the Civil Rights Act and FEHA; (5) Failure to Accommodate Disability; (6) Retaliation; (7) Failure to Prevent Discrimination, Harassment or Retaliation; (8) Unlawful Business Practices; and (9) Constructive Discharge in Violation of Public Policy. The majority of Plaintiff's claims allege violations of both state and federal law. For example, the second cause of action alleges violations of both 29 U.S.C. § 621 et seq. and Cal. Gov.'t Code § 12940(a). Compl. ¶¶ 87- 88. In his prayer for relief, Plaintiff seeks an array of damages, including "all damages available for violations of" certain federal statutes, i.e., damages available under 29 U.S.C. §§ 216(b), 626(b), and 2617(a)), and 42 U.S.C. §§ 1981a, 2000-e, and 12177(a). Compl. at 68.

Plaintiff served the Health Plan and Hospitals with the Complaint on May 21, 2015, and filed a proof of service as to those entities on June 8, 2015. Notice of Removal, ¶ 3 & Ex. B. Plaintiff also filed a proof of service as to NCPMG on June 15, 2015. As noted by Defendants, however, NCPMG is not a legal entity. On June 19, 2015, Defendants removed the action to this Court. The Notice of Removal avers that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 because "Plaintiff specifically and unambiguously alleges claims arising under federal law in his Second, Third, Fourth, Fifth, Sixth, and Seventh Causes of Action . . . ." Id. ¶ 8. On July 13, 2015, Plaintiff filed the instant motion to remand, arguing that removal was "procedurally defective" and that "exclusive federal question jurisdiction" is lacking. Mtn. at 3. On July 27, 2015, Defendants filed their Opposition, Dkt. 24, and Request for Judicial Notice, Dkt. 25. Plaintiff filed his Reply and Response to the Request for Judicial Notice on August 3, 2015. Dkt. 26.

## II. LEGAL STANDARD

"A motion to remand is the proper procedure for challenging removal." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). The Court may order remand either for defects in the removal procedure or lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c). "[R]emoval statutes are strictly construed against removal." Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008). "The presumption against removal means that 'the defendant always has the burden of establishing that removal is proper.'" Moore-Thomas, 553 F.3d at 1244 (citation omitted). As such, any doubts regarding the propriety of the removal favor remanding the case. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

## III. DISCUSSION

### A. REQUEST FOR JUDICIAL NOTICE

As a threshold matter, Defendants request that the Court take judicial notice of the Proofs of Service filed by Plaintiff in the Alameda County Superior Court. Defs.' Request for Judicial Notice ("RJN"), Dkt. 25. Specifically, Defendants request that the Court take notice of the fact that Plaintiff filed a Proof or Service for the Health Plan and Hospitals on June 8, 2015, and filed a Proof of Service for NCPMG on June 15, 2015. Id. ¶¶ 1-3. A court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Such noticeable facts include "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." Bennett v. Medtronic, Inc., 285 F.3d 801, 803 (9th Cir. 2002). Here, service of process in the state court bears on the procedural propriety of removal. Accordingly, the Court GRANTS Defendants' request for judicial notice.

### B. PROCEDURAL REQUIREMENTS FOR REMOVAL

Plaintiff contends removal was improper due to procedural defects. Specifically, Plaintiff argues that Defendants failed to file: (1) the Alameda County Superior Court Alternative Dispute Resolution Information Packet (the "ADR Packet"); and (2) "copies of

- 4 -

1  the six documents served upon [TPMG]," i.e., the Civil Case Cover Sheet, Notice of Case
2  Management Conference and Order, Notice of Assignment of Judge for All Purposes,
3  Summons, Complaint and ADR Packet.  Mtn. at 9-10.  These contentions are without merit.
4       A defendant or defendants removing a civil action must file a notice of removal
5  along with "a copy of all process, pleadings, and orders served upon such defendant or
6  defendants" in the state court.  28 U.S.C. § 1446(a).  As persuasively argued by
7  Defendants, however, the ADR Packet does not constitute process, pleadings, or orders.
8  Cf. Visicorp v. Software Arts, Inc., 575 F. Supp. 1528, 1531 (N.D. Cal. 1983) (holding that
9  discovery requests filed in state court did not constitute process, pleadings, or orders)
10 (abrogated on another ground by Stewart Org. v. Ricoh Corp., 487 U.S. 22 (1988)).  Thus,
11 Defendants were not required to file the ADR Packet in this Court.
12      Furthermore, Plaintiff did not name TPMG as a defendant in this action, and it does
13 not appear that Plaintiff served TPMG with any papers related thereto.  See RJN, Ex. 1.  On
14 June 15, 2015, Plaintiff filed in state court a Proof of Service regarding NCPMG.  Id. ¶ 3 &
15 Ex. 1.  As averred by Defendants, however, NCPMG "is not a legal entity" and "was never
16 served."  Opp'n at 1.  Clearly, Defendants cannot file copies of papers they never received.
17 In any event, it appears the allegedly omitted documents are identical to those Defendants
18 have filed--i.e., the documents Plaintiff successfully served upon the Health Plan and
19 Hospitals.  See Notice of Removal, ¶ 3 (acknowledging service of a Civil Case Cover
20 Sheet, Notice of Case Management Conference and Order, Notice of Assignment of Judge
21 for All Purposes, Summons, and Complaint) & Ex. B (attaching same).  It thus appears that
22 no pertinent documents have been omitted.
23      Finally, the Court notes that failure to file all necessary state court papers is a *de*
24 *minimis* defect that is curable in the district court, even after expiration of the thirty-day
25 removal period.  Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136, 1142 (9th Cir.
26 2013).  Accordingly, the Court finds that remand on this ground is unjustified.
27
28

### C. FEDERAL QUESTION JURISDICTION

Plaintiff contends removal was improper because "exclusive federal question jurisdiction" is lacking. Mtn. at 4. Plaintiff argues that, although he asserts claims arising under federal law, he does so in the alternative to claims arising under state law. Id. at 4. Plaintiff further argues that he is the "master" of his own complaint, and may defeat removal by abjuring any and all federal claims. Id. at 5. The Court finds that Plaintiff's arguments are misguided.

A defendant may remove an action filed in state court if "the case originally could have been filed in federal court." In re NOS Commc'ns, MDL No. 1357, 495 F.3d 1052, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 1441(a), (b)). "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006). Section 1331 confers federal question jurisdiction in "all civil actions *arising under* the Constitution, laws, or treaties of the United States." (Emphasis added). The "'arising under' qualification" of Section 1331 confers upon district courts the jurisdiction to hear only those cases in which a well-pleaded complaint establishes either that: (1) federal law creates the cause of action; or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. Armstrong v. N. Mariana Islands, 576 F.3d 950, 954-55 (9th Cir. 2009).

On its face, Plaintiff's complaint states causes of action arising under both federal and state law, setting forth such allegations in the conjunctive, not the disjunctive. Specifically, the second through seventh causes of action allege violations of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq.; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111 et seq.; and the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2, 2000e-3. Compl. ¶¶ 87, 95, 105, 117, 131, 141. As Plaintiff argues, he is the "master of [his own] complaint," and could have "avoid[ed] federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (emphasis added). This, however, Plaintiff did not do. Consequently, the action is removable based on federal question jurisdiction. See Vaden v. Discover Bank, 556 U.S.

49, 59-60 (2009) (a suit arises under federal law when "the plaintiff's statement of his own cause of action shows that it is based upon [federal law]"); Abada v. Charles Schwab & Co., 300 F.3d 1112, 1118 (9th Cir. 2002) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint.") (quoting Caterpillar, 482 U.S. at 392-93).

Plaintiff nonetheless argues that federal law serves only as "an alternative" to state law, and relies on Rains v. Criterion Sys., Inc., 80 F.3d 339 (9th Cir. 1996) for the proposition that federal question jurisdiction does not attach unless it is exclusive. Mtn. at 6. This argument is without merit. When a *state* law claim "can be supported by alternative and independent *theories*--one of which is a state law theory and one of which is a federal law theory--federal question jurisdiction does not attach because federal law is not a necessary element of the claim." Rains, 80 F.3d at 345-46 (emphasis added). Where, as here, the complaint states both state and federal law *claims*, however, Rains' holding is inapposite. The question is not whether Plaintiff's state law claims necessarily raise a substantial federal question, but whether Plaintiff alleges independent federal law claims. He does, as evidenced by Plaintiff's request for damages under the various federal statutes listed above. Furthermore, contrary to Plaintiff's contention, federal question jurisdiction need not be exclusive. See 28 U.S.C. § 1441(a) (requiring only "original jurisdiction"); see also Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 748 (2012) (recognizing the presumption in favor of "concurrent" jurisdiction). In view of the foregoing, Plaintiff's motion for remand is DENIED.

### D. MEET AND CONFER

Defendants note that Plaintiff's Motion to Remand does not contain a certification of compliance with this Court's meet and confer requirement, and urges the Court to disregard or strike Plaintiff's motion on this ground. Pursuant to paragraph 4 of the Court's Standing Orders for Civil Cases: "All parties *shall* meet and confer before filing any motion or other non-stipulated request. Any motion or request shall include a certification, which may be

submitted separately or included in the body of the document, that the parties have complied with the meet and confer requirement.  The Court may disregard and/or strike any papers submitted that do not comply with this rule."  Plaintiff has indeed failed to comply with the meet and confer requirement.  Because the Court finds that Plaintiff's motion lacks merit, however, the Court declines to disregard or strike the motion on procedural grounds.

Nevertheless, Plaintiff should be aware that although he is acting pro se (i.e., without an attorney) he remains obligated to follow the same rules as represented parties.  See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.").  Plaintiff's failure to comply with any procedural requirements, including any Court order, may result in the imposition of sanctions up to and including dismissal of the action.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  Accordingly, Plaintiff is hereby warned that further failure to comply with any order or applicable procedural rule, including the failure to meet and confer, may result in sanctions.

## IV.     CONCLUSION

Although not explicitly stated in the Motion to Remand, it appears Plaintiff may wish to proceed solely on his state law claims.  The Court notes that, in the event Plaintiff were to abandon his federal law claims, the Court would need to address whether it is appropriate to exercise its supplemental jurisdiction over the remaining causes of action, which then would be based entirely on state law.  See Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 715 (9th Cir. 1990) (although abandonment of federal law claims does not deprive a district court of the power to adjudicate remaining state law claims, the court in its discretion may decline to exercise supplemental jurisdiction over such claims); Cal. Dept. of Water Res. v. Powerex Corp., 533 F.3d 1087, 1091 (9th Cir. 2008) ("Because the Amended Complaint did not present a federal question, the district court had the discretion to decline supplemental jurisdiction.").  Accordingly, the Court will provide Plaintiff an opportunity to clarify his intentions with respect to his federal claims.

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Defendants' Request for Judicial Notice is GRANTED.

2. Plaintiff's Motion to Remand is DENIED.

3. Plaintiff shall have fourteen (14) days from date of entry of this Order to file a notice dismissing all federal claims, if he so chooses.

4. Defendants' Motion to Dismiss and Motion to Strike Pursuant to Rule 12(b)(6), Dkt. 6, has been held in abeyance pending resolution of the Motion to Remand. Defendants shall have twenty-eight (28) days from date of entry of this Order to file a Reply in support of the Motion to Dismiss.

5. This Order terminates Docket No. 19.

IT IS SO ORDERED.

Dated: 10/15/15

SAUNDRA BROWN ARMSTRONG
United States District Judge