UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DR. SCOTT TANNER, an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., a California corporation, KAISER FOUNDATION HOSPITALS, a California corporation, NORTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, INC., a California corporation, and DOES 1-50,<br><br>    Defendants. | Case No:  C 15-02763-SBA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND** |

Plaintiff Scott Tanner ("Plaintiff") filed the instant pro se action against his former employers Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, and The Permanente Medical Group, Inc. (erroneously sued as Northern California Permanente Medical Group, Inc.) (collectively "Defendants").  By this action, Plaintiff seeks to rescind his employment separation agreement with Defendants and the comprehensive release of claims contained therein.  Plaintiff further seeks to prosecute claims for wrongful termination, discrimination, and retaliation.  The parties are presently before the Court on Defendants' Motion to Dismiss. Dkt. 6.  Plaintiff opposes the motion. Dkt. 15.  Having read and considered the papers filed in connection with this matter, and being fully informed, the Court hereby GRANTS Defendants' motion, with partial leave to amend.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. R. 7-1(b).

I.     **BACKGROUND**

   A.     FACTUAL SUMMARY

In 2000, Plaintiff began working for the Kaiser Permanente Pharmacy Department ("Kaiser"). Compl. ¶ 13.[1] Plaintiff served as a staff pharmacist, a lead pharmacist, and finally, a Pharmacist Supervisor at Kaiser's Manteca location. Id. On November 15, 2012, Kaiser suspended Plaintiff from work. Id. ¶ 71. According to Plaintiff, Defendants never explained the basis for his suspension. Id. ¶ 72. On December 23, 2012, while suspended, Plaintiff executed a Separation Agreement and General Release (the "Separation Agreement"). Id. ¶¶ 75-85.[2]

The Separation Agreement included a provision entitled "Complete Release of Claims," which released Defendants from all claims of any kind arising out of or related to Plaintiff's employment and/or termination. The release "includes, but is not limited to, all claims based in tort or contract, or under any federal, state, or local statute, ordinance, or common law, including, but not limited to, the Age Discrimination in Employment Act, Title VII of the Civil Rights Act, the Americans with Disabilities Act, the California Fair Employment and Housing Act, or any claim of discrimination, harassment, breach of contract, or public policy, wrongful or retaliatory discharge and all claims for compensation, vacation, attorney's fees, wrongful denial of insurance and employee benefits." Under the terms of the Separation Agreement, Plaintiff's employment

---

[1] The Complaint is attached as Exhibit A to Defendants' Notice of Removal, Dkt. 1.

[2] Defendants request that the Court take judicial notice of the Separation Agreement, which Plaintiff references in, but does not attach to, the Complaint. See Request for Judicial Notice ("RJN"), Dkt. 6-1. Plaintiff advocates rescission of the Separation Agreement, but does not dispute the document's authenticity. See Pl.'s Response to RJN, Dkt. 26. The Court therefore GRANTS Defendants' request for judicial notice as to the Separation Agreement, Ex A. See Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007) (a court may consider a writing referenced in the complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned). Although the remaining documents, Exs. B and C, describe the larger program through which Plaintiff executed the Separation Agreement and provide context for the same, the Court DENIES Defendants' request for judicial notice as to those documents, which appear unnecessary to the resolution of the instant motion.

terminated effective February 11, 2013, and he received 16 weeks of severance pay totaling $45,558.78, plus other benefits.

The allegations in Plaintiff's 70-page Complaint are profuse and discursive. In brief, Plaintiff alleges that he executed the Separation Agreement under duress, and is therefore entitled to rescind the same. Compl. ¶¶ 75-85. Plaintiff further alleges that he was subject to harassment, discrimination, and retaliation at work beginning in 2010. Id. ¶¶ 13-73. Plaintiff is a white male, over the age of 40, with an undisclosed "physical disability/physiological health condition." Id. ¶¶ 87, 98, 107. According to Plaintiff, Kaiser's pharmacy staff in Manteca is 85-90% Asian, 85-90% female, and 90-100% under the age of forty. Id. ¶¶ 89, 107. Plaintiff asserts that he suffered adverse employment consequences based on his color, gender, and age, as well as his disability, for which Defendants allegedly failed to provide adequate accommodation. Id. ¶¶ 87, 98, 107, 121. Plaintiff further asserts that he suffered retaliation based on these same factors, as well as for reporting "Defendants['] misconduct affecting patient safety and care." Id. ¶ 130. Among other allegations of misconduct, Plaintiff asserts that Defendants failed to respond to reports of unlawful drug diversion (i.e., drug theft) and drug furnishing irregularities (i.e., pharmacist errors). Id. ¶ 37. Plaintiff also alleges that Defendants constructively discharged him in violation of public policy. Id. ¶¶ 173-179.

### B.   PROCEDURAL HISTORY

On April 21, 2015, Plaintiff filed suit in state court, alleging claims for: (1) Unlawful Attainment of Invalid Separation Agreement; (2) Age Discrimination in Violation of ADEA and FEHA; (3) Disability Discrimination in Violation of ADA and FEHA; (4) Race, Color, Gender, and National Origin Discrimination in Violation of Title VII of the Civil Rights Act and FEHA; (5) Failure to Accommodate Disability; (6) Retaliation; (7) Failure to Prevent Discrimination, Harassment or Retaliation; (8) Unlawful Business Practices; and (9) Constructive Discharge in Violation of Public Policy.

Defendants removed the instant action to this Court based on federal-question jurisdiction. Dkt. 1. Plaintiff thereafter filed a motion to remand. Dkt. 19. The remand

motion was based in part on Plaintiff's misconception that *exclusive* federal jurisdiction is required. Dkt. 19. On October 15, 2015, the Court denied Plaintiff's motion to remand, but granted Plaintiff leave to file a notice dismissing all federal claims within fourteen days of the Court's order. Dkt. 29. Plaintiff filed nothing in response to the Court's order.

Defendants filed the instant motion on June 26, 2015, Dkt. 6. Defendants move to dismiss the Complaint in its entirety, arguing that Plaintiff fails to allege facts sufficient to support a claim for rescission of the Severance Agreement, and that he released his remaining claims under that agreement. Plaintiff filed an Opposition, Dkt. 15, in response to which Defendants filed a Reply, Dkt. 30.[3]

## II. LEGAL STANDARD

Rule 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013). "Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires not only 'fair notice of the nature of the claim, but also grounds on which the claim rests.'" Zixiang Li v. Kerry, 710 F.3d 995, 998-99 (9th Cir. 2013) (quoting in part Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 n.3 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

---

[3] Plaintiff filed an 18-page opposition in response to Defendants' motion. Pursuant to this Court's Standing Orders, "All noticed civil motions (other than motions for summary judgment) and any opposition thereto, shall not exceed fifteen (15) pages in length, exclusive of the table of contents, table of authorities, exhibits, and declarations, if required." Civil Standing Orders, ¶ 6. Although Plaintiff represents himself in this action, he remains obligated to comply with the rules and orders of this Court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Future transgressions of the Court's rules or orders (e.g., the filing of an oversized brief) may result in the imposition of sanctions (e.g., the striking of such briefs from the record). See Swanson v. U.S. Forest Serv., 87 F.3d 339, 345 (9th Cir. 1996) (the district court has discretion to strike briefs filed in circumvention of page limits). Accordingly, the Court hereby warns Plaintiff that further failure to comply with any order or applicable procedural rule may result in sanctions.

In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007). Where a complaint or claim is subject to dismissal, the court generally grants leave to amend, unless further amendment would be futile. Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011).

## III.    DISCUSSION

### A.    RESCISSION CLAIM

Defendants contend that Plaintiff fails to allege facts sufficient to support a claim for rescission of the Separation Agreement based on economic duress. Plaintiff challenges this contention, arguing that he "was under severe pervasive duress in December 2012" due to his unjust suspension and ongoing retaliation and harassment. Pl.'s Opp'n at 4.

Under California law, economic duress can serve as a basis for rescinding a settlement agreement and/or release. See Cal. Civ. Code § 1689 (b)(1) (a party to a contract may rescind the same if his or her consent was obtained through duress, menace, fraud, or undue influence);[4] see also Johnson v. Int'l Bus. Machines Corp., 891 F. Supp. 522, 528 (N.D. Cal. 1995); Lanigan v. City of Los Angeles, 199 Cal. App. 4th 1020, 1034 (2011)). "Economic duress is an equitable doctrine which 'come[s] into play upon the doing of a wrongful act which is sufficiently coercive to cause a reasonably prudent person faced with no reasonable alternative to succumb to the perpetrator's pressure.'" Johnson, 891 F. Supp. at 528-29 (quoting Rich & Whillock, Inc. v. Ashton Development, Inc., 157 Cal. App. 3d 1154, 1158-59 (1984)).

---

[4] Although Plaintiff also mentions undue influence in his Complaint, see Compl. ¶ 75, he offers no further allegations or arguments in support of such a claim.

The elements of economic duress are identified as: (1) a sufficiently coercive wrongful act on the part of the defendant; (2) no reasonable alternative on the part of the plaintiff; (3) knowledge of the plaintiff's economic vulnerability; and (4) actual inducement to contract. Johnson, 891 F. Supp. at 529. "'The assertion of a claim known to be false or a bad faith threat to breach a contract or to withhold a payment may constitute a wrongful act for purposes of the economic duress doctrine. [Citations.] Further, a reasonably prudent person subject to such an act may have no reasonable alternative but to succumb when the only other alternative is bankruptcy or financial ruin. [Citations.]'" Chan v. Lund, 188 Cal. App. 4th 1159, 1173-74 (quoting Rich, 157 Cal. App. 3d at 1159, 1173-74).

Here, Plaintiff does not allege the necessary elements of economic duress. Plaintiff fails to allege any facts showing that he had "no 'reasonable alternative' to the action [he] now seeks to avoid," i.e., "agreeing to contract." Lanigan, 199 Cal. App. 4th at 1034. Plaintiff alleges only that he *feared* termination, particularly in light of his suspension. See Compl. ¶ 83. However, Plaintiff's termination "was not a certainty," and he had the option to return to work after his suspension. Lanigan, 199 Cal. App. 4th at 1034. Moreover, even if Plaintiff would have suffered termination, he fails to allege dire economic conditions such as "imminent bankruptcy or financial ruin." Johnson, 891 F. Supp. at 529 (quoting Rich, 157 Cal. App. 3d at 1154). Absent such conditions, Plaintiff could have chosen not to execute the Separation Agreement and its comprehensive release, but rather to preserve his claims and pursue legal action against Defendants.

Finally, although Plaintiff alleges that he suffered ongoing harassment, retaliation, and discrimination in the workplace (conduct which may indeed constitute wrongful acts), Plaintiff fails to identify any *coercive* act on the part of Defendants that would have *caused or induced* him to sign the Separation Agreement. Such a causal relationship between the defendants' acts and the execution of the contract is required. See Johnson, 891 F. Supp. at 530 (the defendant's act must induce the assent of the coerced party).

Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's first cause of action for rescission of the Separation Agreement.

### B. REMAINING CLAIMS

Defendants contend that the Separation Agreement bars the "myriad causes of action" arising out of Plaintiff's employment with Defendants. Defs.' Mot. at 8. Plaintiff does not dispute that the Separation Agreement, if enforceable, bars the causes of action raised in his Complaint. Instead, Plaintiff relies solely on his argument that the Separation Agreement is subject to rescission. See Pl.'s Opp'n at 7-17. As discussed above, Plaintiff has not adequately alleged a basis for rescission. Consequently, all claims covered by the Separation Agreement's comprehensive release are barred.

Although not addressed by the parties, the Court notes that the Separation Agreement acts as a complete bar to all *but one* of Plaintiff's remaining causes of action. Under the Separation Agreement, Plaintiff waived "any and all claims of any kind, known or unknown, arising out of or related to [Plaintiff's] employment with [Defendants] or the termination of [his] employment." RJN, Ex. A, ¶ 4. By its terms, the release therefore precludes the second, third, fourth, fifth, sixth, seventh, and ninth causes of action. The eighth cause of action, however, requires further analysis.

The eighth cause of action for unlawful business practices arises under California's Unfair Competition Law (the "UCL"), which makes actionable any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. With respect to the unlawful prong, the UCL incorporates other laws and treats violations of those laws an unlawful business practices independently actionable under state law. Chabner v. United Omaha Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir. 2000). Here, Plaintiff predicates his UCL claim upon violations of the Internal Revenue Code and the California Labor Code. Insofar as Plaintiff predicates this claim upon violations of the California Labor Code (e.g., the failure to pay Plaintiff overtime in violation of Cal. Labor Code § 510, see Compl. ¶ 165), it arises out of Plaintiff's employment and is barred by the Separation Agreement. However, insofar as Plaintiff predicates this claim upon violations of the Internal Revenue Code (e.g., the "[u]nlawful funneling of profits obtained from [Defendants'] 501(c)(3) tax-exempt . . . status," see Compl. ¶ 166), it does not arise out of Plaintiff's employment.

Nevertheless, the Court finds that Plaintiff fails to state a claim under the UCL. "To have standing under the California's UCL, as amended by California's Proposition 64, plaintiffs must establish that they (1) suffered an injury in fact and (2) lost money or property as a result of the unfair competition." Birdsong v. Apple, Inc., 590 F.3d 955, 960 n.4 (9th Cir. 2009) (citing Cal. Bus. & Prof. Code § 17204). "To satisfy the narrower standing requirements imposed by Proposition 64, a party must now (1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that the economic injury was the result of, i.e., caused by, the unfair business practice . . . that is the gravamen of the claim." Kwikset Corp. v. Superior Court, 51 Cal.4th 310, 322 (2011); see also Rubio v. Capital One Bank, 613 F.3d 1195, 1203-04 (9th Cir. 2010). Here, Plaintiff fails to allege that he suffered economic injury arising out of Defendants' purported Internal Revenue Code violations; he therefore lacks standing to raise such a claim under the UCL.

In view of the foregoing, the Court GRANTS Defendants' motion to dismiss Plaintiff's second through ninth causes of action.

### C.   WRONGFUL DISCHARGE CLAIM

Defendants contend that the ninth cause of action for wrongful discharge in violation of public policy is also barred by the two-year statute of limitations set forth in California Code of Civil Procedure section 335.1. Plaintiff disputes that section 335.1 sets forth the applicable statute of limitations. Plaintiff further argues that he received a right to sue letter from the Equal Employment Opportunity Commission in February 2015, and "filed all causes of action together as soon as was reasonably possible." Pl.'s Opp'n at 8.

The two-year statute of limitations set forth in section 335.1 applies to claims for wrongful discharge in violation of public policy. See Cal. Code Civ. Proc. § 335.1 (action for injury to an individual caused by the wrongful act or neglect of another must be brought within two years); see also Lamke v. Sunstate Equip. Co., LLC, 387 F. Supp. 2d 1044, 1051-52 (N.D. Cal. 2004) (section 335.1 sets forth the applicable statute of limitations for wrongful discharge in violation of public policy); Mathieu v. Norrell Corp., 115 Cal. App.

4th 1174, 1189, n.14 (2004) (same). The statute of limitations began to run on February 11, 2013, at the time of Plaintiff's termination, see Romana v. Rockwell Internat., Inc., 14 Cal. 4th 479, 501 (1996), and expired on February 11, 2015. Plaintiff did not file suit until April 21, 2015, and thus, his wrongful discharge claim is time-barred.

The Court notes that, although Plaintiff does not explicitly raise the issue, he appears to invoke the doctrine of equitable tolling by asserting that he filed all causes of action shortly after receiving his right-to-sue letter. Because a cause of action for wrongful discharge does not require the filing of an administrative complaint, however, equitable tolling does not apply. See Mathieu, 115 Cal. App. 4th at 1189.

Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's ninth cause of action on this independent ground.

### D. LEAVE TO AMEND

If a complaint is subject to dismissal for failure to state a claim, a district court has discretion whether to grant leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). "A pro se litigant is entitled to an opportunity to amend '[u]nless it is absolutely clear that no amendment can cure the defect.'" Walker v. Beard, 789 F.3d 1125, 1139 (9th Cir. 2015) (quoting Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995)) (brackets in orig.); Cato v. United States, 70 F.3d 1103, 1105-106 (9th Cir. 1995).

Plaintiff's first cause of action fails to state facts sufficient to support a claim for rescission of the Separation Agreement, and the Complaint therefore fails to state a claim as to all causes of action barred under the Separation Agreement. Because the Court is not yet satisfied that amendment of these claims is futile, however, the Court grants Plaintiff leave to amend the first through eighth causes of action.

Plaintiff also fails to state a claim as to that portion of the eighth cause of action not barred by the Separation Agreement, i.e., for Defendants' purported violations of the Internal Revenue Code. The Court is doubtful of Plaintiff's ability to amend successfully this portion of the eighth cause of action. However, because Defendants failed to address the predicates of the UCL claim in their motion, thus depriving Plaintiff the chance to

respond, the Court grants Plaintiff leave to amend the eighth cause of action to demonstrate his standing under the UCL.

Plaintiff's ninth cause of action for wrongful discharge in violation of public policy is barred by the applicable statute of limitations. The Court therefore dismisses the ninth cause of action without leave to amend. See Cervantes, 656 F.3d at 1045 (affirming the dismissal of time-barred claims without leave to amend) (citing Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980)).

Plaintiff should be aware than an amended complaint supersedes the original complaint and the original complaint is thereafter treated as nonexistent. Armstrong v. Davis, 275 F.3d 849, 878 n.40 (9th Cir. 2001), abrogated on other grounds by Johnson v. California, 543 U.S. 499 (2005). The amended complaint must therefore be complete in itself without reference to the prior or superseded pleading, as "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d at 567 (citations omitted).

In any amended complaint, the Court encourages Plaintiff to confine his allegations to the operative facts supporting each of his claims. Pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." Prolix, redundant, and/or extraneous allegations tend to obfuscate the underpinnings of Plaintiff's claims. See McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (noting that prolix complaints are disfavored because they burden defendants and the court with the task of determining which allegations are supposed to have given rise to the various claims). The amended complaint should provide "clear and concise averments" establishing the nature and grounds for each cause of action raised. Id.

Additionally, the Court notes that Plaintiff throughout the Complaint refers to all individuals currently or formerly employed by Kaiser as "defendants," despite the fact that such individuals are not named as defendants in this action. Plaintiff appears to raise certain allegations against these individuals, without attributing liability to any named

defendant(s).  In any amended complaint, Plaintiff should identify the defendant(s) purportedly liable for each alleged wrong.  See McHenry, 84 F.3d at 1178.

## IV. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Defendants' Request for Judicial Notice is GRANTED IN PART and DENIED IN PART.  The request is GRANTED as to the Separation Agreement, Dkt. 6-1, Ex. A, and DENIED as to the remaining documents, Dkt. 6-1, Exs. B-C.

2. Defendants' Motion to Dismiss is GRANTED.  Plaintiff's ninth cause of action for wrongful discharge is dismissed without leave to amend.  The first through eighth causes of action are dismissed with leave to amend.  Plaintiff shall have twenty-one (21) days from the date of entry of this Order to file a First Amended Complaint.  Plaintiff should be aware that any pleading filed in this Court is subject to Federal Rule of Civil Procedure 11, and in accordance therewith, Plaintiff may amend only to the extent that there exists a good faith basis for doing so.  Failure to timely amend the complaint as set forth above may result in the dismissal of all claims with prejudice.

3. This Order terminates Docket No. 6.

IT IS SO ORDERED.

Dated:  12/1/15

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge